UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED
2017 APR 25 A 9 43
US DISTRICT COURT
BRIDGEPORT CT

| | |
|---|---|
| IN THE MATTER OF AN APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING THE INSTALLATION AND USE OF PEN REGISTER AND TRAP AND TRACE DEVICE AND CELLULAR TELEPHONE SITE MONITOR AND MOBILE TRACKING DEVICE AND DISCLOSURE OF TELECOMMUNICATIONS RECORDS | NO. **FILED UNDER SEAL** 3:17 mj 706 (WIG) April 13, 2006 |

## ORDER

This matter having come before the Court pursuant to an application under Title 18, United States Code, Sections 2703(c) and (d), 3123 and 3124 by Alex V. Hernandez, an Assistant United States Attorney, requesting the production of certain telecommunication records and the installation and use of a pen register and a trap-and-trace device, and cellular telephone site monitor and mobile tracking devices the Court finds, based upon the application and supporting affidavit of Special Agent David G. Dillon of the Federal Bureau of Investigation, that the application has shown specific and articulable facts indicating that there are reasonable grounds to believe that the information and records sought are relevant and material to an ongoing criminal investigation into possible violations of Title 21, United States Code, Sections 841(a)(1) and 846 (conspiracy to possess with intent to distribute and distribution of narcotics) and related offenses by ▉▉▉▉▉ ▉ ▉▉▉▉▉▉▉, and others;

IT APPEARING that the following cellular telephone numbers and telephone number: (a) cellular telephone ▉▉▉-3984, subscribed to in the name of ▉▉▉▉, and billed to ▉▉▉▉▉, Bridgeport, Connecticut, service provided by Cingular Wireless, referred to hereinafter as "Target Cellular Telephone #1"; (b) cellular telephone ▉▉▉9803, subscribed

to in the name of ▮ and billed to ▮ Bridgeport, Connecticut, service provided by Verizon Wireless, referred to hereinafter as "Target Cellular Telephone #2"; (c) Telephone Number ▮-6551, subscribed to in the name ▮, and located at ▮, Bridgeport, Connecticut, service provided by SBC Communications, referred to hereinafter as "Target Telephone #3"; and (d) prepaid cellular telephone number ▮-5236, subscriber unknown, service provided by Nextel Communications, referred to hereinafter as "Target Cellular Telephone #4", are being used by the subjects; and

IT APPEARING that the numbers dialed or pulsed from and the numbers calling into the Target Telephone and Target Cellular Telephones and the cell site location and cell identifying and locating information relating to the Target Cellular Telephones are relevant and material to an ongoing criminal investigation of the specified offenses;

IT IS ORDERED, pursuant to 18 U.S.C. § 3123, that agents of the Federal Bureau of Investigation, ("FBI"), may install and use for a period of sixty (60) days, commencing on the date and time of this Order, a pen register to register numbers dialed or pulsed from the Target Telephones to record the date and time of such pulsings or recordings, and to record the length of time the telephone receiver in question is off the hook for incoming or outgoing calls and a trap-and-trace device that captures the incoming electronic or other impulses which identify the originating number of an instrument or device from which a wire or electronic communication was transmitted to the Target Telephones, and with respect to the Target Cellular Telephones, of a cellular telephone site monitor and mobile tracking device, which provides cell site location and cell identifying and locating information for the Target Cellular Telephones;

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(b)(2), that Cingular Wireless, Verizon Wireless and SBC Communications, and Nextel Communications ("the Companies"), shall furnish agents of the FBI forthwith all information, facilities and technical assistance necessary to accomplish the installation of the pen register and trap-and-trace devices and cellular telephone site monitor and mobile tracking devices unobtrusively and with minimum interference with the services that are accorded persons with respect to whom the installation and use is to take place;

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 2703(d), that Sprint Spectrum LP; T-Mobile USA, Inc.; Celco Partnership d/b/a Verizon Wireless; Cingular Wireless; AT&T Wireless; SBC Communications/Southern New England Telephone Company; and Nextel Communications, Inc.; and/or any other wireless or hardline telecommunication company (collectively, the "Service Providers") shall furnish agents of the FBI with the following information for a period beginning up to thirty (30 days) prior to the date of the request and running through the duration of the Court's Order, for the telephone numbers dialing or being dialed from the Target Telephones:

(a) subscriber's name;

(b) subscriber's address

(c) subscriber's local and long distance telephone connection records, or records of session times and durations, including cell site activations;

(d) length of service (including start date) and types of service utilized;

(e) telephone or instrument number (including ESN, IMSI, UFMI, and/or SIM numbers) or other subscriber number or identity, including any temporarily assigned network address; and

3

(f) means and source of payment for such service (including any credit card or bank account number).

IT IS FURTHER ORDERED, that the Companies shall be compensated by the applicant for reasonable expenses incurred in providing technical assistance, and that the Service Providers be reimbursed by the applicant for such costs as are reasonably necessary and which have been directly incurred in searching for, assembling, reproducing, or otherwise providing the information furnished;

IT IS FURTHER ORDERED, that authorization apply not only to the number assigned to the Target Telephone and Target Cellular Telephones described above, but also to any other numbers subsequently listed to the same subscriber and/or assigned to the same cable, pair and binding post utilized by Target Telephone #3, or assigned to an instrument bearing the same ESN, IMSI, UFMI or SIM, or account number as Target Cellular Telephones 1, 2 & 4, or any changed IMSI and/or UFMI number associated with the Target Cellular Telephone numbers within the sixty (60) day period.

IT IS ORDERED FURTHER that the Application, this Order, and the Order to Service Providers are sealed until otherwise ordered by this Court, except that a copy of the application and this Order may be provided to the FBI and a copy of the Order to Service Providers may be provided to the FBI, the Companies, and the Service Providers;

IT IS ORDERED FURTHER that, pursuant to 18 U.S.C. § 3123(d), to avoid prejudice to the criminal investigation, the Company and its agents and employees, and the Service Providers and their agents and employees, shall not disclose or cause a disclosure of the Order to Service Providers or the request for assistance or the existence of this investigation under penalty of

4

criminal prosecution to any person other than those of their agents and employees who require this information to accomplish the services hereby ordered, unless and until otherwise ordered by this Court. In particular, no such disclosure may be made to a lessee, telephone subscriber, or any other person, unless or until otherwise ordered by the Court; and

IT IS ALSO ORDERED that to avoid prejudice to this criminal investigation, an employee of the Companies and an employee of each of the Service Providers shall maintain a list showing each person having knowledge of the Order to Service Providers and/or what it authorizes as well as the date and time each person first learned of that information and by whom they learned of it.

SO ORDERED this 13th day of April, 2006, at Bridgeport, Connecticut.

s/William I. Garfinkel

_____
Hon. WILLIAM I. GARFINKEL
UNITED STATES MAGISTRATE JUDGE